## Taylor v. Williamson and Pond Creek Railroad Company, et al.

(Decided January 21, 1927.)

### Appeal from Pike Circuit Court.

1. Eminent Domain—Former Owner of Land Condemned by Railroad Held Estopped to Secure Injunction Restraining Use of Land for Other than Railroad Purposes.—Landowner, who with knowledge, allowed fuel company, under lease from railroad, to erect store building on land formerly owned by him, but conveyed to railway for railroad purposes only, in condemnation proceedings, cannot, on ground of equitable estoppel, secure injunction prohibiting railway from using it for other than railroad purposes.

2. Eminent Domain—Railroad did Not Abandon Part of Right of Way by Leasing it, Reserving Right to Cancel.—Railroad company held

not to have abandoned part of right of way by leasing to fuel company for erection of store building, where it reserved the right to cancel lease on 30 days' notice.

3. Eminent Domain—Former Owner of Land Condemned by Railroad Held Entitled to Rent for that Part Leased by Railroad for Fuel Company's Store Building.—Former owner of land, condemned by railroad for railroad purposes only, held entitled to reasonable rental value of that part of it on which fuel company erected store building under lease from railroad.

ROSCOE VANOVER for appellant.

HARMAN, FRANCIS & HOBSON, J. R. JOHNSON and HOLT, DUNCAN & HOLT for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee, Williamson and Pond Creek Railroad Company, in the year 1912 constructed a line of railroad from Williamson, West Virginia, across Tug river and up Pond creek in Pike county, Kentucky.

The appellant, John W. Taylor, owned a tract of land located on each side of Pond creek, and the railroad company, not being able to agree with him as to the compensation to be paid to him for right of way through his lands, filed a suit in the Pike county court to condemn a right of way varying in width from 60 to 120 feet. The commissioners fixed the damages at $3,500.00, which the railroad company paid, and a special commissioner appointed by the Pike county court conveyed the land condemned to the railroad company. Thereafter Taylor leased certain portions of his lands to E. L. Bailey for coal mining purposes. This lease is now owned by the appellee, Sudduth Fuel Company.

In 1923 the appellees, Sudduth Fuel Company and Williamson and Pond Creek Railroad Company, entered into a written contract whereby the railroad company leased to the fuel company a small portion of its right of way for the purpose of erecting thereon a store building, the lease containing this provision:

"That this agreement shall cease and determine by either party giving to the other thirty days' written notice in advance of its or his desire to terminate this agreement, and at the termination of said notice this agreement shall be at an end, and within said period the lessee shall remove said store building

from said premises, and in default of such removal within the period aforesaid the same shall become the property of the lessor without claim or consideration of any kind therefor by the said lessee or anyone claiming by or through him."

The Sudduth Fuel Company began the erection of its store building on this land about September 1, 1923. When the ground was being staked out for the building the appellant, John W. Taylor, was present and objected to the location of the stakes on the east side of the lot, claiming that they extended beyond the line of the railroad company's right of way and were on his land. The stakes were moved back to a line pointed out by him as the boundary line of the railroad right of way. The appellant was present from time to time during the construction of the building and made no complaint until the first story, which was constructed of concrete and brick, had been practically completed and the material for the second story had been placed on the premises. By written notice dated October 15, 1923, but served on the officers of the appellee, Sudduth Fuel Company, several days thereafter, appellant notified the fuel company that the land on which it was then constructing a brick building had been condemned by the Williamson and Pond Creek Railroad Company for right of way for railroad purposes only, and if it had been abandoned by the railroad company he, appellant, was the owner thereof and was entitled to the immediate possession of same.

The Sudduth Fuel Company completed the building and the appellant instituted this action in the Pike circuit court in which he sought to enjoin the appellees from using the ground on which the building had been erected for any purpose other than necessary for the operation of the railroad. The circuit court denied the injunction, but held that the plaintiff was entitled to recover the reasonable rental value of the land upon which the building had been erected, and gave judgment therefor. From this judgment John W. Taylor, plaintiff below, prosecutes this appeal, and each of the defendants below has entered a motion for a cross-appeal on the theory that the appellant was not entitled to any relief.

The circuit court rested its judgment on the doctrine of equitable estoppel. It is satisfactorily estab-

lished by the evidence that the apppellant knew that the appellee, Sudduth Fuel Company, intended to erect the building on the ground in question; that he assisted in staking off the lot; that he was present on various occasions during the construction of the building and failed to notify the fuel company that he objected to the erection of the building or that he would demand its removal. His actions were such as to lead the fuel company to believe that he acquiesced in the erection of the building, and he, having failed to speak before the improvements were made, will not be heard to speak when he should remain silent. In Am. and Eng. Ency. of Law, vol. 2, page 428, it is said:

> "It may be stated as a general rule that if a person having a right, and seeing another person about to commit or in the course of committing an act infringing upon that right, stands by in such a manner as really to induce the person committing the act, and who might otherwise have abstained from it, to believe that he consents to its being committed, he cannot afterwards be heard to complain of the act."

The doctrine of equitable estoppel is based on the theory that a person who by his acts has induced another to do certain things which he would not have done but for such acts will not afterwards be permitted to injure such person in his rights because of things done under the belief that they were consented to. Montgomery Coal Corporation v. Riddle, et al., 211 Ky. 26, 276 S. W. 975; Farmer v. Gipson, 201 Ky. 477, 257 S. W. 1; Alexander v. Woodford Spring Lake Fishing Company, 90 Ky. 215, 14 S. W. 80.

Appellant also insists that the appellee, railroad company, abandoned that part of the right of way in question by its lease of it to the Sudduth Fuel Company for other than railroad purposes. There would be merit in this contention if the railroad company had sold the ground outright, but it reserved the right to cancel the lease on thirty days' notice, and the ground in question was, therefore, not abandoned. Curran v. City of Louisville, 147 Ky. 592, 144 S. W. 1057.

The appellee, Sudduth Fuel Company, on its cross-appeal claims that the ground on which the building in

question was erected is included within the boundary of the lease executed by appellant to E. L. Bailey and now owned by appellee, and that it therefore had the right to erect its store building thereon. It is clearly established by the evidence, however, that the lease to Bailey only extended to the railroad company's right of way and did not include any part thereof. It is contended for the appellee, railroad company, that it had the right to temporarily lease a portion of the right of way not presently needed for railroad purposes, and Curran v. City of Louisville, *supra,* is relied on. The right of the city in that case to temporarily lease for other purposes ground that had been condemned for wharf purposes was not in issue, and the opinion only holds that the temporary lease of the ground for other purposes than those for which it had been condemned did not constitute an abandonment or surrender of the city's right to subsequently use the property for the purposes for which it had been condemned.

In our opinion the chancellor did substantial justice between the parties, and the judgment is affirmed on the original and both cross appeals.